**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                             **CASE NO. 4:08CR00339 BSM**

**EDMOND STEWART**                                                    **DEFENDANT**

**ORDER**

Defendant Edmond Stewart's *pro se* motion to vacate, set aside, or correct his prison sentence pursuant to 28 U.S.C. Section 2255 [Doc. No. 97] is denied.

Under Section 2255, a federal prisoner can move to vacate his sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The statute requires the court to hold a prompt evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Here, the motion and the records of the case conclusively show that Stewart is not entitled to relief under Section 2255. In his motion, Stewart appears to make two arguments. First, he contends that under the Privileges and Immunities Clause found in Article IV, Section 2 of the Constitution, he is "immun[e] from any public law of congress" because he is "declared [a] citizen of a state, free and independent of any positive laws of human institution, without [his] consent." [Doc. No. 97], at pg 2. Second, Stewart claims that he

was deprived of due process because "[t]he federal government [] used its commercial law of the sea to come on the land through fraud, under the pretense that public law is applicable to free citizens of a state." *Id.* at pg. 5.  These arguments are both clearly frivolous and in no way suggest that Stewart may be entitled to relief under Section 2255.

There is no need to hold an evidentiary hearing because Stewart's motion and the record conclusively show that he is not entitled to relief under Section 2255.  Further, Stewart's motion to vacate, set aside, or correct his prison sentence [Doc. No. 97] is denied.

IT IS SO ORDERED this 9th day of May 2013.

_____
UNITED STATES DISTRICT JUDGE